STATE of Missouri, Respondent,

v.

Jesus GOMEZ, Appellant.

No. WD 32140.

Missouri Court of Appeals, Western District.

Nov. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 8, 1981.

Henri J. Watson, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Jesus Gomez was found guilty by a jury of manslaughter and sentenced to ten years imprisonment. On this appeal he contends

the court erred in failing to comply with a jury request that the testimony of Gomez be read to the jury after it had begun its deliberations. Affirmed.

Gomez was charged with second degree murder as a result of an altercation with one Frias. The evidence shows Frias died as result of a stab wound in the chest which penetrated the heart. Gomez does not challenge the sufficiency of the evidence. A review of the evidence reveals substantial evidence to support the jury verdict.

The only point on appeal concerns a request by the jury, after it had been deliberating less than an hour, for a transcript of Gomez's testimony. The court inquired of counsel upon receipt of the request for a transcript of Gomez's testimony and the prosecuting attorney objected to the reporter reading such testimony to the jury. While the jury had requested a transcript, it is apparent a transcript was not in existence at that time and the only practical way of complying with the request would have been for the reporter to read the testimony. Gomez contends that since he spoke little or no English and had testified through an interpreter it was necessary for the jury to hear his testimony again. In *State v. Dowe*, 432 S.W.2d 272, 276[8, 9] (Mo.1968) the court stated:

"The Missouri rule is that the notes of the court reporter may be read to the jury if the parties to the action consent. *Padgitt v. Moll*, 159 Mo. 143, 60 S.W. 121, 125[3], 52 L.R.A. 854; *Small v. Wegner*, Mo., 267 S.W.2d 26, 29[2], 50 A.L.R.2d 170."

The rule stated in *Dowe* has been the law in this State since the decision in *Padgitt*. The court was correct in refusing the jury's request to have the testimony of Gomez read to it in the absence of the agreement of both counsel.

The judgment is affirmed.

All concur.