**STATE of Missouri, Plaintiff,**

v.

**Lorenzo WILLIS, Defendant.**

**No. 47694.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Henry Robertson, St. Louis, for defendant.

John Ashcroft, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for plaintiff.

CLEMENS, Senior Judge.

Armed robbery, Section 569.020 RSMo. A jury found defendant guilty and pursuant to its verdict the trial court sentenced him to ten years in prison.

Defendant here contends the trial court committed plain error in receiving testimony of defendant's identification and arrest, and also erred in denying the jury's request for repetition of testimony describing defendant's pistol. We affirm.

The pertinent evidence: At about 9:00 P.M. victim Terry Utley was walking home from grocery shopping when he was accosted by defendant and two others. At pistol point they dragged Utley to a secluded spot and there took his wallet, coat, jewelry and groceries. In this defendant acted as lookout and told a companion to kill victim Utley. At the robbers' order Utley was forced to lie face down as the robbers fled. Victim Utley promptly called the police and officer Broughton who had heard the broadcast report drove Utley around the area looking for the robbers. Officer Miccichi had also heard the broad-

cast and 15 minutes after the robbery arrested defendant who fit the description previously given police by the victim. Police seized his pistol and drove him to be viewed by victim Utley. Then and later Utley, without objection at trial, had identified defendant after viewing him for several minutes. At trial the victim identified defendant and the pistol as that held against him during the robbery.

Defendant's evidence was an alibi, obviously disbelieved by the jury.

As said, defendant here contends the trial court committed plain error in receiving testimony of defendant's arrest, which he contends was without probable cause. Defendant's arrest was based on his proximity to the reported robbery, on the description the victim had previously given police, and on the victim identifying defendant at the time of arrest.

 The propriety of defendant's arrest is to be determined by whether the police had "reasonable suspicion" of defendant's participation in the reported robbery. *State v. Rayford,* 646 S.W.2d 137[4] (Mo.App.1983). The testimony of the arrest described above clearly met the test that the facts then known to the police warranted them in believing the arrest was appropriate. See *State v. Purnell,* 621 S.W.2d 277[11–12] (Mo.Sup.1981).

 We deny defendant's initial point and consider his unpreserved point about the jury's request for more testimony describing defendant's pistol. After half-an-hour's deliberation the jurors made that request. Both counsel agreed it should not be granted. So there was no error. *State v. Gomez,* 625 S.W.2d 891 (Mo.App.1981); *State v. Harvey,* 641 S.W.2d 792[12] (Mo. App.1982). Point denied.

There being no error—plain or otherwise—we affirm.

STEWART, P.J., and CRANDALL, J., concur.